IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WENDELL JAY MOSIER                                                                                         PLAINTIFF

v.                                           Civil No. 4:14-cv-04148

ATTORNEY GENERAL OF TEXAS                                                                       DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Wendell Jay Mosier filed this civil rights action pursuant to 42 U.S.C. § 666 (2007). ECF No. 1. He proceeds *pro se* and has been granted *in forma pauperis* status. The case is before the undersigned for a determination of whether service of process should issue.

### I.    BACKGROUND

In his Complaint, Plaintiff alleges Defendant, the Attorney General of Texas, is liable for "knowingly and willfully usurping, denying, and depriving" him "of his Constitutional Civil Rights." ECF. No. 1.

Based upon Plaintiff's Complaint, it appears this dispute is over Plaintiff's court-ordered child support obligations. *Id.* Plaintiff does not currently have a mailing address because he is homeless, but he provided an address in Garland, Texas for correspondence. *Id.*

### II.   APPLICABLE LAW

Because this is an *in forma pauperis* case, the Court must also review this matter to determine whether to order service. Pursuant to 28 U.S.C. § 1915(e)(2) (1996), a federal court may dismiss an *in forma pauperis* action "at any time if the court determines that . . . the action . . . is

frivolous or malicious . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."

### III. DISCUSSION

For two reasons, the Court recommends this case be dismissed and service be denied: (A) collateral estoppel or issue preclusion applies and bars this case from proceeding; and (B) Plaintiff has no private cause of action under 42 U.S.C. § 666. The Court will address both issues.

#### A. Collateral Estoppel

This is the second time Plaintiff has filed this lawsuit alleging these facts. Plaintiff first filed this lawsuit in the Eastern District of Michigan in 2007. *See Mosier v. Attorney Gen. of Texas,* 2:07-cv-15360-ADT-VMM (E.D. Mich. Dec. 17, 2007). In that case, the federal judge ordered Defendant to be served. That court then allowed Plaintiff and Defendant to fully brief the issue of subject matter jurisdiction and held a hearing to address that issue. Thereafter, on March 31, 2008, after fully considering this issue, that court dismissed Plaintiff's case for lack of subject matter jurisdiction. *See id.* ECF Nos. 15-16.

Thus, the issue of whether a federal court has subject matter jurisdiction over Plaintiff's case has been fully litigated and decided by another court in another jurisdiction. Because that issue has been fully litigated and decided, issue preclusion or collateral estoppel may apply to bar this Court from re-considering this issue.[1] *See Ginters v. Frazier,* 614 F.3d 822, 825 (8th Cir. 2010) (holding "[w]e have determined the doctrine of preclusion may apply to the question of subject matter jurisdiction").

---

[1] The doctrine of *res judicata* does not apply because the original suit was not based upon "proper jurisdiction," which is required for *res judicata* to apply. *See Yankton Sioux Tribe v. U.S. Dept. of Health and Human Services,* 533 F.3d 634, 639 (8th Cir. 2008).

For collateral estoppel or issue preclusion to apply, five elements must be met: (1) "the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit"; (2) "the issue sought to be precluded must be the same as the issue involved in the prior action"; (3) "the issue sought to be precluded must have been actually litigated in the prior action"; (4) "the issue sought to be precluded must have been determined by a valid and final judgment"; and (5) "the determination in the prior action must essential to the prior judgment." *Ginters,* 614 F.3d at 826.

In the present action, all five requirements of issue preclusion or collateral estoppel are met. The first requirement is met because Plaintiff is the same person who brought suit in the prior action. Second, the same issue of whether a federal court has subject matter jurisdiction over this case is at issue (or will be at issue) in this case. Third, the issue was actually litigated and fully briefed in the action in Michigan. *See Mosier,* 2:07-cv-15360-ADT-VMM, ECF Nos. 6, 15-16. Fourth, this issue was determined by a valid and final judgment, and Plaintiff's case was dismissed because the federal court in Michigan did not have subject matter jurisdiction over Plaintiff's case. *Id.* (dismissing Plaintiff's case for "lack of jurisdiction with prejudice"). Fifth and finally, this issue was essential to the prior judgment. In fact, the prior judgment was based upon this issue.

**B.    Private Cause of Action**

There is also a second reason for recommending dismissal. Specifically, Plaintiff claims to bring suit pursuant to 42 U.S.C. § 666 (2007). This provision, however, provides the "requirements of statutorily prescribed procedures to improve effectiveness of child support enforcement." There

is no private cause of action authorized by this statute.[2]  Thus, even if the Court could decide the issue of subject matter jurisdiction, Plaintiff's case would still be dismissed.

**IV.    CONCLUSION**

Based upon the foregoing, the Court recommends this case be dismissed with prejudice and Plaintiff's Motion for Service (ECF No. 1) be **DENIED.**

**Plaintiff has fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **17th day of November 2014.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] This statute also has been recently amended, but it appears the substance of this law as it applies to this case has not changed.