IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WENDELL JAY MOSIER                                                                                         PLAINTIFF

v.                                            Case No. 4:14-cv-04148

ATTORNEY GENERAL OF
TEXAS                                                                                                             DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed November 17, 2014, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 5). Judge Bryant recommends that Plaintiff's Complaint (ECF No. 1) be dismissed with prejudice and the Plaintiff's Motion for Service (ECF No. 1) be denied. The Plaintiff has filed a document entitled "Amendment to Original Complaint." (ECF No. 6). The Court interprets this document to be the Plaintiff's objections to the Report and Recommendation.

Judge Bryant recommended that this *in forma pauperis* action be dismissed pursuant to 28 U.S.C. § 1915(e)(2) because it (1) cannot proceed because another federal court has determined that subject-matter jurisdiction over the action does not exist, and (2) the statute under which suit is brought does not have a private right of action.

Plaintiff objects to Judge Bryant's recommended finding that the case cannot proceed because another federal court has determined that there is no subject-matter jurisdiction over the suit. The Eighth Circuit has determined that preclusion principles apply to the question of subject matter jurisdiction. *Ginters v. Frazier*, 614 F.3d 822, 825 (8th Cir. 2010). The Court understands Plaintiff's objections to be that the effect of certain intervening events is that preclusion principles do not apply. While the intervening events may change the facts before the Court, the underlying subject-matter jurisdiction question has not changed. Therefore, preclusion applies to bar this Court from reconsidering the issue.

The Plaintiff makes no objections to Judge Bryant's conclusion that no private right of action exists for Plaintiff to bring a claim. Plaintiff lacks a private right of action to bring this claim under 42 U.S.C. § 666 because that provision provides only "the requirements of statutorily prescribed procedures to improve effectiveness of child support enforcement."

Accordingly, the Court adopts the Report and Recommendation. Plaintiff's Complaint (ECF No. 1) is hereby DISMISSED WITH PREJUDICE and the Plaintiff's Motion for Service (ECF No. 1) is DENIED.

**IT IS SO ORDERED**, this 30th day of January, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge